

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ben F. Thorpe
County Attorney
Scurry County
Snyder, Texas

Dear Sir:

> Opinion No. O-1710
> Re: Disposition of school taxes on
> land in common school district which
> has been consolidated with independent
> school district.

We have your letter of November 16, 1939, in which you request our opinion as to the proper disposition of certain tax funds now in the hands of the tax assessor-collector for Scurry County. The facts and the question upon which you desire our opinion are stated in your letter as follows:

"On January 17, 1939, the County Board of Education for Scurry County voted to transfer 12 sections of land from the Camp Springs Common School District to the Lloyd Mountain and the Strayhorn Common School Districts. Previous to this date there had been an election held for the purpose of consolidating the Camp Springs Common District with the Hobbs Independent District of Fisher County but the new district had not been declared by the commissioners' court.

"Immediately following the action of the County Board of Education for Scurry County, representative citizens from each faction requested that the Assessor-Collector for Scurry County and for each of these districts, withhold all the tax monies collected on the disputed territory until the same was settled. The tax assessor-collector has on hand $219.14 of taxes which he has collected on the 12 sections in dispute. Since the Hobbs Independent School District is now requesting that these funds be paid to them and the other faction is requesting that the funds be withheld he is anxious to dispose of same in the proper manner and, at the same time relieve himself and his bondsmen from liability under his official bond.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"For your information may I refer you to your opinion O-151, dated February 17, 1939, which reads as follows: 'the county board of Scurry County did not have the authority to detach 12 sections of land from the Camp Springs District and add same to two other common districts after the election for consolidation had been held, and before the new district had been declared by the commissioners' court'. State v. Baker, 40 SW (2) 41.

"The above opinion was given regarding the dispute over the same 12 sections on which the $219.14 taxes have been collected.

"Under the above statement of facts, I would appreciate very much a definite ruling from your department regarding the proper legal disposition of the accumulated funds and also funds of the same nature which may hereafter accumulate."

In our opinion No. O-151, by Assistant Attorney General Geo. S. Berry, addressed to Hon. L. A. Woods, State Superintendent of Public Instruction, dated February 17, 1939, we held that the County Board of Trustees of Scurry County had no legal authority to detach the 12 sections of land from the Camp Springs Common School District after the election for consolidation had been held and before the result of the election had been declared by the Commissioners' Court. Our said opinion relied upon the decision of the Commission of Appeals, adopted by the Supreme Court, in the case of State ex rel. George v. Baker, 40 S. W. (2d) 41, which held in effect that such attempted action by the county board was void because the effect of it would be to defeat the right of the electors to effect the consolidation of the common school district with the independent school district. A copy of said opinion No. O-151 is attached hereto. The action of the county board of trustees in attempting to detach the 12 sections of land from the Camp Springs Common School District was void for the additional reason that it did not comply with the provisions of Article 2742 (f) of Vernon's Annotated Civil Statutes, as amended by Chapter 339, Section 2, Acts, 44th Legislature (1935), which provides that before such a transfer can be effected the trustees of each district whose area is affected shall be given written notice and an opportunity to be heard, that an election shall be held in the affected districts, that before property

is detached from one district and attached to another district a majority of the taxpaying voters in each of the affected districts shall vote for the transfer, and that the newly formed or created district shall be validated by a general act of the Legislature. For your information, we enclose herewith a copy of conference opinion No. 3063, addressed to Honorable Gilbert Smith, County Attorney, Jones County, dated June 20, 1939, which considered at length the effect of said Article 2742 (f), as amended. While said opinion related specifically to the question of the transfer of territory from a common school district to an independent school district, it would also apply to the present situation since said Article 2742 (f) as amended also covers the transfer of territory from one common school district to another common school district.

It follows from our former opinion No. O-151, and from the other authorities above referred to, that the attempt of the county board of trustees to transfer 12 sections of land from the Camp Springs Common School District to the Lloyd Mountain and the Strayhorn Common School District was void.

It further appears from your letter and from our said opinion No. O-151 that the election on the question of whether the Camp Springs Common School District should be consolidated with the Hobbs Independent School District resulted favorably to such consolidation. We assume that the statutory requirements regarding such consolidation were complied with. The territory formerly embraced in the Camp Springs Common School District has therefore now become a part of the Hobbs Independent School District. Under the provisions of Article 2806 of Vernon's Annotated Civil Statutes, "All the rights and privileges granted to independent districts by the laws of this State shall be given to the consolidated independent district created under the provisions of this law."

Since the 12 sections of land referred to in your question were embraced within the territory formerly included within the Camp Springs Common School District, and since this district has been consolidated with the Hobbs Independent School District, it follows that the taxes collected on said 12 sections of land now belong to Hobbs Independent School District. It is therefore our opinion that the money which the tax assessor-collector has on hand, as well as other similar funds which shall hereafter be collected, should be paid to the Treasurer of the Hobbs Independent School District.

The opinion here expressed is analogous to our opinion No. O-1106, addressed to Honorable J. A. Guest, County Attorney, Camp County, dated August 15, 1939, wherein we held that an independent school district taking over the schools of a city has the right to collect delinquent taxes assessed by the city for school purposes. A copy of said opinion is enclosed for your information.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *James P. Hart*

James F. Hart
Assistant

JFH:AMK

ENCLOSURES

APPROVED DEC 14, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY BWB